# OCTOBER TERM, 1922.*

PEOPLE *v.* KENNEDY.

CRIMINAL LAW — PERJURY — CONTRADICTORY SWORN STATEMENTS INSUFFICIENT PROOF.

In a prosecution for perjury, based on testimony given by defendant in the criminal trial of another, defendant's confession to the officers, which he denied on the trial, uncorroborated by other proof, is insufficient to sustain his conviction.

Error to Genesee; Brennan (Fred W.), J. Submitted October 12, 1922. (Docket No. 148.) Decided December 5, 1922.

Frank Kennedy was convicted of perjury, and sentenced to imprisonment for not less than 5 nor more than 15 years in the Michigan State reformatory at Ionia. Reversed.

*Withey & Freeman,* for appellant.

*Merlin Wiley,* Attorney General, and *Harry G. Gault,* Prosecuting Attorney, for the people.

McDONALD, J. Frank Kennedy was convicted in the Genesee circuit court on an information charging him with the crime of perjury while testifying in the criminal trial of the People *v.* Joe Molasky. The charge against Molasky was that, being armed with a dangerous weapon, he robbed one Paul Adams. Molasky was a merchant in the city of Flint, and

On conviction of perjury upon proof that accused made contradictory statements, see note in L. R. A. 1917C, 58.

*Continued from Vol. 220.

lived with his family in rooms above his store. Elizabeth LaFleur, a sister of Mrs. Molasky, was a member of the family. On her account Frank Kennedy was a frequent visitor at the Molasky home. He and Miss LaFleur were present at the time of the robbery, which was committed on the evening of November 21, 1920, in the living room occupied by the Molasky family. It was the theory of the people that Molasky with his wife and child left the room early in the evening saying that they were going to the theatre; that, about an hour later, he returned, and, going into the room disguised and armed with a revolver, held up and robbed Adams. Molasky was arrested, and on the trial Kennedy testified that Molasky did not return to the room until after the theatre. The perjury charge against him is predicated on this testimony as given in answer to the following questions:

"*Q.* Do you know whether or not Molasky was back in the room from the time he went out with his wife until he came back and you told him about the robbery having taken place?

"*A.* No, sir; he was not back.

"*Q.* Well, then, Molasky did not have anything to do with this robbery?

"*A.* No, sir.

"*Q.* You are positive Molasky had nothing to do with the robbery?

"*A.* Yes, sir."

Molasky was convicted in February, 1921. Some time thereafter this defendant was arrested and taken before the police officers and interrogated as to the truth of the testimony he had given. It is claimed that he there made a voluntary confession that he had knowingly testified falsely. This prosecution followed. On the trial he was a witness in his own behalf. He denied the confession and insisted that he

had testified truthfully at the Molasky trial. He said:

"I answered those questions that way because I thought it was the truth according to the information and knowledge that I had."

At the close of the proofs defendant's counsel presented a motion for a directed verdict of not guilty, the principal reason being that there was no testimony that defendant had sworn falsely except his confession to the officers, and that such confession, uncorroborated by other proof, would not be sufficient to sustain a conviction. The motion was denied. Defendant was convicted and has brought his case here on writ of error.

It is first urged by counsel for the defendant:

"That the people produced no witness who testified that Molasky was back in the room from the time he went out with his wife until he came back and was told of the robbery; or who testified that Molasky had anything to do with the robbery of Paul Adams. Even if respondent made the admissions claimed by the officers, that can be used only as corroborating testimony and is not sufficient, standing alone, to warrant a conviction."

Under the information in this case, to sustain a conviction, it must be established beyond a reasonable doubt that Molasky returned to the room, as the people claim, and that Kennedy knew of that fact when he testified. This must be shown by other evidence than his confessions. There was no other oral testimony on the subject except from Elizabeth LaFleur, who testified positively that Molasky did not return to the room until after the robbery, and that she knew the disguised robber was not Molasky because of his size and his voice. She was the only witness produced by the people who testified to any of the facts of the Molasky case, and she testified adversely to the people's

claim. There being no oral evidence of perjury other than the contradictory statements made to the officers, the conviction cannot be sustained unless there are some corroborating facts and circumstances.

In *People* v. *McClintic*, 193 Mich. 589 (L. R. A. 1917C, 52), this court said:

"We think that it should be held that a conviction for perjury cannot be sustained merely upon the contradictory sworn statements of the defendant, but the prosecution must prove which of the two statements is false, and must show that statement to be false by other evidence than the contradictory statement."

Such other evidence may consist of corroborating circumstances, but the corroboration must be of a "strong character and not merely corroborative in slight particulars, and it must contradict in positive terms the statement of the accused." 21 R. C. L. p. 272.

In *People* v. *McClintic, supra*, it was held that the circuit judge should have instructed the jury that the corroborating circumstances must be "strong and of such a character as will clearly turn the scale and overcome the oath of the party charged."

Applying the above rules to the facts in the instant case it will be found that circumstances relied on by the prosecution are not of such a character as to satisfy the requirements of the law. The corroborating circumstances are that Kennedy did not call the police after the robbery, that Adams told him that Molasky was the man who robbed him and that, as Miss LaFleur was about to take the witness stand at the Molasky trial, Kennedy said to her: "Hold your head, don't spill all you know." This testimony has its rightful place in the case, but it is as capable of being harmonized with the theory of innocence as with that of guilt. It has no direct bearing on the

*corpus delicti* and is not of that force and character that the law requires of corroborating circumstances in perjury cases.

We have examined the record in this case with great care and are unable to find any evidence other than the confessions showing the falsity of the testimony upon which perjury is assigned.     It follows that there is not sufficient evidence to support the verdict.    In this view of the case it is unnecessary to discuss other questions presented by the assignments.

The conviction is reversed and a new trial ordered.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.    MOORE, J., did not sit.