PEOPLE *v.* PHELPS.

1. JUDGES—JURISDICTION—ASSIGNMENT BY STATE PRESIDING JUDGE.
   Circuit judge sitting in any circuit on assignment of State presiding circuit judge has full jurisdiction of circuit judge (3 Comp. Laws 1929, § 13763).

2. SAME—PRESIDING JUDGE OF LOCAL CIRCUIT—STATUTES.
   Statute providing for selection of presiding judge of circuits where there are two or more judges, and for assignment of causes, is directory merely, and has no relation to jurisdiction (3 Comp. Laws 1929, §§ 13667, 13668).

3. SAME—FAILURE OF LOCAL PRESIDING JUDGE TO MAKE ASSIGNMENT.
   Circuit judge sitting in circuit on assignment of State presiding circuit judge had jurisdiction to hear cause, although no assignment thereof was made by local presiding judge (3 Comp. Laws 1929, §§ 13667, 13668, 13763).

Appeal from Jackson; Reid (Neil E.), J., presiding. Submitted October 13, 1932. (Docket No. 197, Calendar No. 36,365.) Decided December 6, 1932. Rehearing denied June 29, 1933.

Charles E. Phelps was charged with perjury before a one-man grand jury. From order quashing information, the State has appealed. Reversed, and remanded for trial.

*Paul W. Voorhies,* Attorney General, *Philip H. Robinson,* Assistant Attorney General, and *Harry D. Boardman,* Prosecuting Attorney, for the people.

*Frank L. Blackman,* for defendant.

CLARK, C. J.   Defendant, informed against for perjury in testifying in a one-man grand jury proceeding (3 Comp. Laws 1929, § 17217 *et seq.*), moved to quash chiefly on the ground of lack of jurisdiction of the judge ordering and conducting the investigation.   The motion prevailed.   The State has appealed.

On July 14, 1931, Hon. Theo T. Jacobs, circuit judge of the fifteenth judicial circuit, received from Hon. Harry J. Dingeman, presiding circuit judge of the State, the following assignment:

"Under the provisions of Act No. 213, Pub. Acts 1915 (3 Comp. Laws 1929, §§ 13762–13764), you are respectfully requested to hold court in the fourth judicial circuit at Jackson, Michigan, on July 20, 1931, and continuing until completion of work."

The prosecuting attorney of the county presented to Judge Jacobs on his appearance in the Jackson circuit court complaint in writing under the statute first above cited, on and pursuant to which he made due order, investigation, finding, and presentment. Due complaint against defendant and his arrest followed.   On preliminary examination he was held to trial, and later was informed against as stated.

In the Jackson circuit are two judges, Hon. John Simpson and Hon. Benjamin Williams.   At the time of the assignment to Judge Jacobs, Judge Simpson was holding court in the circuit and Judge Williams was absent on vacation.

The statute mentioned in the assignment is 3 Comp. Laws 1929, §§ 13762–13764. The second section:

"The presiding circuit judge shall have full directory power over the matter of apportioning the work of the several circuits among the circuit judges of the State. Upon the request of the governor he shall designate one or more judges to hold court in the various circuit courts and recorder's courts of this State whenever necessary to relieve congested conditions in said courts."

To have a comprehensive view, we shall examine pertinent statutes providing of a circuit judge holding court outside his own circuit, the circuit in which he was elected. The quoted section, it will be seen, requires the State presiding circuit judge, upon request of the governor, to designate one or more judges to hold court. 3 Comp. Laws 1929, § 13766, provides that, whenever it shall come to the knowledge of the State presiding circuit judge that the judge or judges of any circuit are absent therefrom or unable to act, he shall designate one or more of the circuit judges to act in such circuit during absence, etc. 3 Comp. Laws 1929, § 13676, provides of designation by the governor in certain cases. 3 Comp. Laws 1929, § 13949, provides that judges of the circuit courts may hold court for each other.

The assignment here was not made by the governor, nor upon his request. The judges of the Jackson circuit were not absent or unable to act, and the assignment was not under section 13676. Nor is this a case where one judge was holding court for another. The assignment here is squarely and solely under the power conferred by section 13763, "The presiding circuit judge shall have full direc-

tory power over the matter of apportioning the work of the several circuits among the circuit judges of the State.''

If practical construction were considered, it would be noticed that in the 17 years of highly satisfactory administration under this statute, hundreds, perhaps thousands, of assignments have been made as the one here was made. Assignments, throughout the years, to circuits where business has been heavy and congested, notably to Wayne circuit, have been made, not by or on request of the governor, not because the judges of the circuit were absent, not as one judge sitting for another, but by and under the authority of the statutory provision just above quoted. It would be shocking to learn that all adjudications made under such assignments were void for want of jurisdiction. They are not void. A circuit judge sitting in any circuit on assignment of the State presiding circuit judge has full jurisdiction of a circuit judge. The statute has not been abused. When, if ever, abuse appears, it will be time enough to consider the effect, if any, of such abuse on jurisdiction. We are not called upon to discuss the meaning of the word ''directory'' in the statute, as Judge Jacobs accepted the assignment of the State presiding circuit judge and went to Jackson as directed. It will be time enough to consider the meaning of the word, when, if ever, a question arises upon it.

An argument is made on 3 Comp. Laws 1929, §§ 13667, 13668, providing of selection of a presiding judge of a circuit and of assignment of causes. It is urged that, as Judge Williams, presiding judge of the circuit, was absent, Judge Simpson automatically became presiding judge, and that, as he

made no assignment to Judge Jacobs, nothing could be done by Judge Jacobs.

The provisions of these statutes ought to be followed, as they make for economy, order, and efficiency. They are directory and have no relation to jurisdiction. A circuit judge of the circuit hearing a cause, not regularly assigned to him by the local presiding judge, and giving decree or judgment therein has as full and complete jurisdiction as though there had been regular assignment. 3 Comp. Laws 1929, § 13663. Whether or not there was a presiding circuit judge in Jackson and whether or not Judge Jacobs had assignment from him is perfectly immaterial on the matter of jurisdiction. It follows that Judge Jacobs had jurisdiction to do what he did.

There are other points urged in the motion to quash which were not passed upon in the trial court, but which defendant contends should be considered. We speak briefly of two of them. The evidence received at the preliminary examination is urged to be insufficient in that there is no corroboration. The early rule of direct testimony of two witnesses no longer obtains. The rule of this State appears in *People* v. *McClintic,* 193 Mich. 589 (L. R. A. 1917 C, 52), and, under that holding, the evidence here was sufficient.

On the matter of materiality, reference is made to *People* v. *Kaplan,* 256 Mich. 36, and as to amendment, see same case.

No other matter calls for advisory discussion in advance of trial.

The order is reversed, and cause remanded for trial.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.