PEOPLE · v. HAGER.

1. BANKS AND BANKING—STATUTES—CONSTRUCTION—"MONEYS AD-
   VANCED" DEFINED.
      Words "moneys advanced," as used in statute limiting total
      liability of any person or corporation to bank, denote moneys
      paid which are to be repaid, and it is unimportant whether
      total primary liability is on renewal or original notes or
      both (3 Comp. Laws 1929, §§ 11922, 11947).

2. SAME—LIMITING LIABILITY—VIOLATION OF STATUTE.
      As soon as bank cashier, who was also director, increased his
      borrowings from bank so that, to his knowledge, his total
      primary liability to bank was beyond 10 per cent. of its
      capital and surplus, statute was violated (3 Comp. Laws 1929,
      §§ 11922, 11947).

3. CRIMINAL LAW—CHANGE OF VENUE—APPOINTMENT OF JUDGE.
      On change of venue, ·it was proper for State presiding cir-
      cuit judge to designate circuit judge to preside at trial.

4. SAME—APPOINTMENT OF SPECIAL PROSECUTOR.
      On change of venue from circuit court of Oscoda county to cir-
      cuit court of Ogemaw county, it was proper, before changing
      venue, for circuit judge of Oscoda county to appoint special
      prosecuting attorney, where prosecuting attorney of Ogemaw
      county was disqualified (1 Comp. Laws 1929, § 1293, 3 Comp.
      Laws 1929, § 17125).

5. SAME—HARMLESS ERROR—MISCARRIAGE OF JUSTICE.
      Where trial judge correctly instructed jury as to law, there was
      no dispute of fact, and jury returned only verdict compatible
      with their oaths, argument of special prosecutor, *held*, not to
      have produced prejudicial error.

Appeal from Ogemaw; Smith (Fred P.), J., pre-
siding. Submitted January 12, 1933. (Docket No.
135, Calendar No. 36,330.) Decided March 2, 1933.

Stanley R. Hager was convicted of incurring liability to a bank in excess of amount permitted by 3 Comp. Laws 1929, § 11922. Affirmed.

*Henry R. MacGillis,* for appellant.

*Patrick H. O'Brien,* Attorney General, and *William T. Yeo,* Special Prosecuting Attorney, for the people.

CLARK, J. Defendant appeals from judgment upon conviction of violation of 3 Comp. Laws 1929, §§ 11922, 11947, providing in part:

"The total liabilities to any bank of any person or of any company, corporation, or firm for moneys advanced * * * shall at no time exceed one-tenth part of the amount of capital and surplus of such bank." 3 Comp. Laws 1929, § 11922.

"Every officer, clerk, agent, or employee of a bank who shall knowingly aid or assist in a violation of any of the provisions of this act, shall be deemed guilty of a felony, and upon conviction shall be punished," etc. 3 Comp. Laws 1929, § 11947.

From January 1, 1930, to July 5, 1930, the period covered by the information, defendant was cashier and director of Union State Bank of Mio. He was also bookkeeper, and knew the extent and amount of his primary liabilities to the bank. The capital and surplus of the bank was $24,725.

A chief contention of defendant is that a large part of his liability to the bank during the time in question was by renewal of notes, and that hence liability was not as of the time and for "moneys advanced."

Documentary evidence is that on December 31, 1929, defendant was liable to the bank as maker of note to it in the sum of $1,750. There is also evi-

dence of direct borrowing from the bank by defendant beginning in April, 1930, and continuing to July, 1930, by which defendant increased his liabilities to the bank to a total sum in excess of $5,000. Defendant testified that all or nearly all of his notes given during the period stated were renewals of former notes, but this question, if it were of any importance, might be decided against him on this record.

The purpose of the statute is to limit the amount which may be loaned or advanced to any person, corporation, etc. The words of the statute "moneys advanced" denote moneys paid which are to be repaid, 2 C. J. p. 32. All of the notes of defendant held by the bank represented moneys advanced by the bank and on which defendant was primarily liable, a liability within the statute. So it is not important whether defendant's total primary liabilities to the bank at the time in question were upon renewals of his note or notes or upon new borrowing with new or original notes, or upon both. It is important that the total of such liabilities be kept within the limit fixed by the statute. Assuming, as the record shows, that on or about January 1, 1930, defendant owed the bank on his note or notes less than $2,000, and was not offending, yet as soon as his additional notes and borrowings increased, to his knowledge, his total primary liabilities to the bank beyond 10 per cent. of capital and surplus, beyond $2,472.50, the statute was violated. On this interpretation of the statute, it is practically undisputed that defendant was offending as of the time fixed in the information. We find no error in this regard.

At the opening of the trial, defendant's counsel made what was termed a motion to quash. We pass technical objections and speak of two matters suggested. On defendant's motion, the venue was

changed from Oscoda circuit court, twenty-third circuit, to Ogemaw circuit court, thirty-fourth circuit. Defendant's counsel stated orally that Hon. Fred P. Smith, circuit judge of the twenty-sixth circuit, presided at the trial upon designation of the State presiding circuit judge. That was proper, if true. *People* v. *Phelps,* 261 Mich. 45. The prosecuting attorney of Oscoda county being disqualified, a special prosecuting attorney was appointed, before changing the venue, by the circuit court of the county of Oscoda. This is as it should be. 1 Comp. Laws 1929, § 1293; 3 Comp. Laws 1929, § 17125.

The trial judge having correctly instructed as to the law, and there being no dispute of fact worthy of notice, the jury returned the only verdict compatible with their oaths. In this situation argument of the special prosecutor can hardly be held to have produced prejudicial result. On full consideration, we find no reversible error.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.