701 N.W.2d 742 (2005)
473 Mich. 878
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Christopher Carl ROBINSON, Defendant-Appellee.
Docket No. 125441. COA No. 252755.
Supreme Court of Michigan.
July 22, 2005.
On the order of the Court, leave to appeal having been granted and the Court having considered the briefs and oral arguments of the parties, the order of which granted leave to appeal is VACATED and leave to appeal is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, J., concurs and states as follows:
I concur in the determination that leave was improvidently granted, given the ruling regarding double jeopardy by the United States Supreme Court in Smith v. Massachusetts, 543 U.S. ___, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005). I write separately to note a tension between our statutes and case law regarding whether corroboration is an element of the crime of perjury under M.C.L. § 750.422.
Defendant was charged with perjury, M.C.L. § 750.422, stemming from testimony that he furnished at the trial of his friend, Timothy Polak. At Polak's trial for drunk driving, defendant testified that he, and not Polak, had been driving. The officer testified that he saw Polak and defendant switch seats and that Polak had been driving. Polak was convicted of drunk driving.
At defendant's trial, the prosecution offered the statements defendant made during Polak's trial. The same officer furnished his previous testimony that Polak and defendant had switched seats. The trial court thereafter granted defendant's motion for a directed verdict and dismissed the case because the prosecutor had failed to provide any corroboration as required by People v. Cash, 388 Mich. 153, 200 N.W.2d 83 (1972). The prosecutor appealed, and the Court of Appeals denied leave to appeal.
I believe that Cash was wrongly decided. The statutes prohibiting and defining perjury, M.C.L. § 750.422 and M.C.L. § 750.423, do not require corroboration as an element of the offense. The requirement of corroborative evidence is derived from the so-called "two-witness rule." Under that rule, "the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury." Hammer v. United States, 271 U.S. 620, 626, 46 S.Ct. 603, 70 L.Ed. 1118 (1926). The two-witness rule did not always require the direct testimony of two witnesses to prove the perjury. The direct testimony of one witness and sufficient corroborative evidence could also satisfy the rule. Weiler v. United States, 323 U.S. 606, 610, 65 S.Ct. 548, 89 L.Ed. 495 (1945).
Our jurisprudence on the two-witness rule is confused and contradictory. In 1916, this Court held without any analysis that, in a perjury case, the trial court must *743 instruct upon request that the testimony of one witness was not sufficient to convict a defendant of perjury, that there must also be strong corroborating circumstances. People v. McClintic, 193 Mich. 589, 601, 160 N.W. 461 (1916).
Subsequently, this Court held that "[t]he early rule of direct testimony of two witnesses no longer obtains." People v. Phelps, 261 Mich. 45, 49, 245 N.W. 565 (1932). This Court thereafter followed the Phelps repudiation of the two-witness rule, holding that one witness's testimony that the defendant had bribed him was sufficient to sustain the defendant's conviction of perjury. People v. Taylor, 386 Mich. 204, 208, 191 N.W.2d 310 (1971).
One year later, however, this Court again reversed course, relying on McClintic and People v. Kennedy, 221 Mich. 1, 190 N.W. 749 (1922). We held that the testimony of one witness was not sufficient to convict of perjury. Cash, supra at 162, 200 N.W.2d 83.[1] The Court held that
[t]he law is well established that to sustain a conviction for perjury the prosecution must prove the falsity of the statement made by the defendant. This is done by establishing the truth of its contradiction. It is not enough simply to contradict it, but evidence of the truth of the contradiction must come from evidence of circumstances bringing strong corroboration of the contradiction. People v. Kennedy, 221 Mich. 1, 190 N.W. 749 (1922); People v. McClintic, 193 Mich. 589, 160 N.W. 461 (1916). [Id.]
In applying the two-witness rule, Cash disregarded the Court's prior opinions in Phelps and Taylor, and misapplied the Court's holding in Kennedy. In Kennedy, the holding was limited to applying the new rule of McClintic that two contradictory sworn statements by the defendant would not be sufficient to sustain the defendant's conviction.
At common law, the two-witness rule defined the crime of perjury. But, as this Court has recently reaffirmed, under Const. 1963, art. 3, § 7, the Legislature has constitutional authority to change the common law. People v. Lively, 470 Mich. 248, 252, 680 N.W.2d 878 (2004).[2]
Our Legislature altered the common law by enacting a statute criminalizing perjury. M.C.L. § 750.422 provides:
Any person who, being lawfully required to depose the truth in any proceeding in a court of justice, shall commit perjury shall be guilty of a felony, punishable, if such perjury was committed on the trial of an indictment for a capital crime, by imprisonment in the state prison for life, or any term of years, and if committed in any other case, by imprisonment in the state prison for not more than 15 years.
M.C.L. § 750.423 defines perjury, stating:
Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in the state prison not more than 15 years.
*744 These statutes do not specify any number of witnesses required to prove guilt. By contrast, the Legislature has specifically provided that "[n]o person shall be convicted of treason unless upon the testimony of 2 witnesses to the same overt act, or on confession in open court." M.C.L. § 750.544.
Given the explicit statutory language, the codified offense of perjury does not require corroboration. In a perjury case, as in criminal cases generally, the prosecution's burden is to prove the defendant's guilt beyond a reasonable doubt. Because our Legislature did not codify the two-witness rule in our perjury statutes, the two-witness rule should not be controlling.
NOTES
[1] In People v. Lewandowski, 102 Mich.App. 358, 301 N.W.2d 860 (1980), a Court of Appeals panel recognized the conflict between Cash and Taylor. The panel elected to follow Cash, and held that one witness's testimony was not sufficient to sustain a perjury conviction: "[S]trongly corroborative evidence which directly contradicts the alleged perjured testimony is still required." Lewandowski, supra at 361, 301 N.W.2d 860.
[2] In Lively, supra at 254, 258, 680 N.W.2d 878, this Court held that the materiality of the false statement is not an element of the statutory offense of perjury.