### STATE v STUDER

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 14, 1936

George N. Graham, Prosecuting Attorney, Canton, and A. C. L. Barthelmeh, Canton, for appellee.

Clifford Graybill, Canton, for appellant.

### OPINION

By SHERICK, J.

The appellant, Carl Studer, stands indicted, tried and convicted of the crime of perjury. It was charged that the accused, in a prior criminal action, had, along with others, committed the crime of grand larceny, and that appellant therein had wilfully, corruptly and knowingly testified falsely concerning his certain answers to certain specific questions propounded by the prosecutor to the appellant prior to trial on the larceny charge, and that in the trial of that charge, Studer, the accused, denied that he ever made the certain answers related to have been made by him in his statement made to the prosecutor.

The appellant now complains of the insufficiency of the evidence offered in proof of the crime of perjury. It is claimed that the facts of this case fall within the rule announced by this court in **Richardson v State, 45 Oh Ap 46, (13 Abs 592), 186 NE 510.** In that case the question was made whether proof of a prior, unsworn to, inconsistent statement was sufficient proof of perjury where contrary evidence was subsequently given before a grand jury. This court held such not to be sufficient. This, however, is not the situation presented by this record. It is not sought to convict upon the inconsistency of statements alone. Upon cross-examination in the larceny case the appellant was asked if he had not answered certain questions propounded by the prosecutor to him in a certain statement he had made prior to indictment. The appellant answered no. Upon trial of this charge it was evidenced by the court reporter and the prosecutor that appellant did so testify in the larceny case. It was next testified to by the prosecutor, and by a stenographer who took the pre-larceny trial statement, that he did so answer. It is upon this proof that the crime of perjury is predicated, and the jury considered

this proof in arriving at its verdict.

It is said that proof of the corpus delicti was not corroborated, as directed by §13444-22, GC. Corroboration was not necessary in this case because of the fact that the overt act was evidenced by two witnesses, as the statute prescribed. It was therefore a simple question for the jury to determine in which evidence the truth lay. This, the jury concluded in favor of the state.

It is questioned whether this evidence was material to a solution of an issue made in the larceny case. It certainly was. The answers in controversy are almost an admission of complicity in the robbery and tended to establish the claimed fact that a conspiracy existed. The evidence was therefore material.

Was the appellant's denial of having made these answers in the larceny case proof of knowingly giving false testimony? We think it was. One is bound to know the consequences of his own act. He knew that if these answers were admitted by him they definitely connected him with an unlawful act, that is, the crime of larceny. They also would have evidenced his participation in the conspiracy to commit that act. Was his denial wilfully and corruptly made? Surely he denied these answers purposely and designedly to escape the almost certain consequence of his admission of their truth. The jury had therefore a perfect right under this evidence to conclude that he deliberately so testified. And if the testimony was made deliberately, with intent to accomplish the purpose of escaping punishment on the larceny charge, he knew the full purport of his act, knew it was corrupt in its purpose, and knew that which was accomplished thereby.

It is asserted that the trial court made improper comments before the jury in ruling upon the defendant's motion for a directed verdict. The record discloses that this motion was made in the jury's presence; that upon voir dire examination the motion was argued. When the jury returned to the box the court proceeded to dispose of the motion. The court expressed no opinion as to the guilt or innocence of the accused, but proceeded to overrule the motion, considering the points therein made in their order. Defense counsel permitted this to go on without immediate objection. Although the statement of reasons for denial of the motion in the presence of the jury is unusual, we find nothing said prejudicial to the rights of the accused. True,

the court did say that the matter of falsity of the evidence was not material, but if the court's remarks are carefully examined it will be perceived that this remark was made in commenting upon the Richardson case, supra, which was advanced by the defendant in support of his motion. We do not think that the jury was misled by this remark. The court in its general charge twice admonished the jury that remarks by the court in the course of trial were not evidence and were not to be considered by the jury in arriving at its verdict.

Finding no error in this case in the respects claimed, the judgment must be affirmed.

Judgment affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.