## RICHARDSON v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12683. Decided Jan 16, 1933

Lawrence Payne, Cleveland, H. Frank Van Lill, Cleveland, and Orgill, Maschke & Wickham, Cleveland, for plaintiff in error.

F. T. Cullitan, Cleveland, and T. A. Burke, Jr., Cleveland, for defendant in error.

GARVER, PJ, SHERICK and LEMERT, JJ (5th Dist), sitting.

SHERICK, J.

The plaintiff in error complains of some four or five errors, all of which however go to the quantum of proof made of the offense charged and all errors may be considered and disposed of in examining this record for the truth or falsity of his present claim. In the trial of this cause the police officers testified to the oral statements made to them by the accused and also of the additional fact that he picked out the picture of his one assailant whom he thought he had identified. The State, to further prove its case, introduced in evidence the written statement made to the police officers immediately after the assault had been made upon the plaintiff in error, and it is urged by the Prosecutor that this proof is sufficient to sustain a conviction of perjury. With this view of the law we are unable to agree.

It is provided in §13444-22 GC that "Perjury must be proved by the testimony of two witnesses or one witness and corroborating circumstances."

Our Supreme Court in considering the question of the quantum and character of proof necessary to be made on a charge of perjury had this to say in the case of **State v Cartwright, 66 Oh St 35:** "There should be at least one witness to the corpus delicti, or the falsity of the matter assigned as perjury."

And searching the record in this case with this rule in mind, we are unable to find any testimony which would establish the falsity of the testimony given before the grand jury. Hence, it must follow that there was no proof of the corpus delicti. We recognize, of course, that there was proof of corroborating circumstances such as in the identification of the assailant whom the plaintiff in error then thought he recognized. However, any such corroborating circumstances are not sufficient to dispense with the proof requisite to establish the body of the crime charged.

The State makes the contention that there is an exception to the general rule on proof of the crime of perjury, and that this case is such a one. It bases such conclusion upon the theory that two witnesses testified as to oral declarations of identity and recognition of an assailant, and the fact that an unsworn statement in writing was made by the accused at the time. In other words, the State would now say that

two witnesses so testifying and being corroborated by the declarations of the accused in writing, that these facts are sufficient proof of the crime. We are not enamored of this reasoning.

Turning to 21 Ruling Case Law at page 271 it is said: "A conviction for perjury cannot be sustained merely on the contradictory sworn statements of the defendant, but the State must prove which of the two statements is false and must show that statement to be false by other evidence than the contradictory statement." We find that this rule is likewise clearly stated in Wharton's Criminal Law, 12th Edition, Volume 2, page 1837.

The case of People v McClintic (Michigan), 160 Northwest 461, L.R.A. 1917-c-52, is a sample of the authorities upon which these text statements are founded. Examination thereof may be found profitable.

There is, however, a further point of difference to be noted in this case from the excerpt taken from 21 Ruling Case Law supra. In the situation now before us, the statement offered in evidence was not sworn to.

We find two cases similar to the case at bar in that respect and to which we invite attention, the first being the case of Clayton v U. S., 284 Federal, 537, and quoting therefrom: "Where the only evidence of falsity of accused's testimony before the grand jury was the testimony of two witnesses as to what he told them in private conversation before the grand jury met, this was insufficient, for the falsity of a sworn statement is not shown by proof of an unsworn contradictory statement, as credit must be given to what accused said under oath rather than what he may have said to the contrary when not under oath."

It is a presumption, rebuttable of course, that one will tell the truth when under oath and until this presumption is dispelled it must be considered that he did tell the truth under oath, and the State not having proved the falsity of his statement under oath, the presumption must prevail that he did tell the truth.

A like conclusion is reached in the case of Shoemaker v State, 29 Okla. Crim., 184, 233 Pacific, 489. That court said:

"Where perjury is based on contradictory statements, under oath, the falsity of one of such statements as a basis for perjury cannot be proven by the unsworn statements of the accused."

It, therefore, appearing to this court that

there was no evidence as to the truth or falsity of the statements made under oath to the grand jury that the presumption must be that the accused there spoke the truth, and we find that the situation developed by the evidence in this case is not such as is recognized by any court as an exception to the general rule hereinbefore stated, and the judgment is therefore reversed.

LEMERT and GARVER, JJ, concur.