## Commonwealth v. Sesco.

Oct. 3, 1939.

R. Monroe Fields, Judge.

J. E. Childers for appellant.

J. A. Runyon for appellee.

OPINION OF THE COURT BY JUDGE REES—Certifying the law.

The grand jury of Pike county returned an indict-ment against Tilda Sesco charging her with the crime of false swearing. On the trial of the case the court peremptorily instructed the jury, at the conclusion of the Commonwealth's evidence, to find the defendant "not guilty," and the Commonwealth has appealed, asking for a certification of the law.

On March 2, 1934, Tilda Sesco appeared before the grand jury of Pike county and testified that Ance Lowe had had sexual intercourse with her at a time when she was under 16 years of age. An indictment was returned against Lowe accusing him of the crime of unlawfully and feloniously carnally knowing, with her consent, a female child, not his wife, under the age of 16 years and over the age of 12 years. Lowe was tried at the September, 1935, term of the Pike circuit court and acquitted. At the trial Tilda Sesco was introduced as a witness by the Commonwealth, and testified that Ance Lowe had never had sexual intercourse with her. She admitted that she had testified to the contrary before

the grand jury, but stated that her testimony before the grand jury was false. After the acquittal of Lowe she was indicted for false swearing at Lowe's trial, and on her trial under that indictment the ·court sustained a motion for a directed verdict of acquittal on the theory that the evidence introduced by the Commonwealth did not meet the requirement that in a prosecution for false swearing the case must be proved by two witnesses or by one witness and strong corroborating circumstances.

The testimony of the accused before the grand jury was taken down by the official stenographer and was introduced in evidence on her trial for false swearing as was her testimony ·at the trial of Ance Lowe. It appears that Lowe was her brother-in-law, having married one of her older sisters. Her mother died when the accused was young and she went to Lowe's home to live when she was 9 years of age and continued to live there until she was about 16·years of age. She testified before the grand jury that Lowe began having sexual intercourse with her when she was about 13 years old, and that illicit relations between them continued until she left his home about seven months before she appeared before the grand jury; that she left his home because she objected to his mistreatment of her. On the trial of the present case it appeared that she returned to Lowe's home at his solicitations several months after the indictment against him was returned, and that she was living there when he was tried. At Lowe's trial she testified that her testimony before the grand jury was false, and that Lowe had never had sexual intercourse with her. She admitted that she was pregnant, but stated that Lowe was not responsible for her condition. On her trial her stepmother and two of her sisters testified that, after she left Lowe's home in 1933 and before she testified before the grand jury, she told them voluntarily that Lowe had been having sexual intercourse with her since she was 13 years of age, and that she left his home because she objected to his attentions.

While there is some authority to the contrary, the better rule seems to be that a conviction for perjury, or false swearing, cannot be sustained merely on the contradictory sworn statements of the defendant. The Commonwealth must prove which of the two statements is false, and must show that statement to be false by other evidence than the contradictory statement. 21 R. C. L. 271, annotation in 25 A. L. R. 416; Smith v. Com-

monwealth, 180 Ky. 240, 202 S. W. 635, L. R. A. 1918E, 927. Here, however, there was more than the contradictory statements of the accused. Her conduct before and after the return of the indictment against Ance Lowe, the fact that she returned to his home after repeated efforts on his part subsequent to the indictment against him and that she was pregnant at the time of Lowe's trial were circumstances tending to sustain the truth of her testimony before the grand jury and the falsity of her testimony at Lowe's trial. It was the theory of the Commonwealth that at the time of Lowe's trial her mental attitude toward him had changed, that she desired to shield him, and willfully and corruptly swore falsely at his trial. She swore falsely either before the grand jury or at Lowe's trial, and there were corroborating circumstances tending to show that her testimony at the trial was false sufficient to authorize a submission of the case to the jury.

It follows that the court erred in sustaining the motion for a directed verdict of acquittal, and the law is so certified.