## UNITED STATES v. BUCKNER.
### No. 207.

Circuit Court of Appeals, Second Circuit.
March 24, 1941.

Joseph H. Wackerman, of Brooklyn, N. Y., for appellant Josie Buckner.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from a conviction for perjury. The indictment charged that on August .8, 1939, the defendant was sworn as a witness before the grand jury of the United States in the Eastern District of New York and gave testimony concerning her observation of two police officers in the vicinity of Jamaica, Long Island, which testimony was relevant and material to the matter then under investigation before the grand jury, namely, whether the officers were parties to an illegal conspiracy to maintain an illicit still at premises 115–32 158th Street, Jamaica. The indictment set forth that in the course of her testimony she swore that on or about May 20, 1939, she observed the premises in question for about an hour, that she saw the two police officers enter the premises and did not see them leave. The indictment further charged that these statements made by the defendant were false to her knowledge, in that she did not see the two police officers enter the premises, did not keep the premises under observation for an hour and that her testimony as given before the grand jury "was in all respects false and untrue as the said defendant * * * then and there well knew."

The police officers were indicted with others for a conspiracy to maintain the still. Josie Buckner, the defendant in this action, testified at the trial of the officers, who were acquitted. The indictment for perjury followed.

At the trial of the indictment for perjury the grand jury stenographer verified the testimony given by the defendant Buckner at its investigation. It appeared therefrom that, after being sworn by the foreman, she had testified that she saw the officers enter the premises in question and did not see them leave. The stenographer who took the minutes at the trial of the police officers before Judge Inch was called as a witness at the perjury trial. He said that the defendant testified at the trial before Judge Inch that she did not see the officers enter the house, that what she had sworn to before the grand jury was untrue and was said "to save her husband".

She took the stand at the perjury trial in her own behalf and swore that she had testified before the grand jury that she saw the officers enter the premises because her husband was suspected of running the still and had threatened her if she did not so testify in order to throw the blame on the officers and shift it from his own shoulders. She said that her testimony before the grand jury had been "absolutely false."

It has been the general rule that a conviction for perjury cannot be sustained by mere evidence of inconsistent or contradictory statements made under oath, but that the falsity of the statement charged to be perjured must be established either by two independent winesses, or by one witness who is supported by independent evidence that is "inconsistent with the innocence of the defendant". While the proof in the present case did not formally meet the above requirements, we think that the repeated admissions of the defendant that her testimony before the grand jury was false was a fair substitute for the confirmatory testimony which is generally required in perjury cases. It may be that the proof at the close of the government's case would have been insufficient to justify the verdict of guilty, for the reason that defendant's admission of guilt was given in another action but when she took the stand at the trial for perjury formally recanted and asserted under oath the falsity of her prior testimony, any further proof was surely unnecessary. Her acts and testimony had become the practical equivalent of a plea of guilty.

In United States v. Wood, 14 Pet. 430, 439, 441, 10 L.Ed. 527, the defendant had been indicted for making a false oath as to the cost of imported merchandise. The Supreme Court held that even a single witness to the corpus delicti is unnecessary when the truth of statements alleged to be perjured is "directly disproved by documentary or written testimony springing from [the defendant] himself, with circumstances showing the corrupt intent. * * *" In that action the defendant's own invoice book and letters contradicted the cost which was set forth in his so-called "importer's oath". These papers were held sufficient proof to justify submission of the case to the jury although no witness of the corpus delicti was produced. In People v. Burden, 9 Barb., N.Y., 467, a deposition by the defendant which contradicted a prior deposition, stated that the earlier one was

intentionally false and disclosed facts showing a corrupt intent in making it was held to be sufficient to show that the prior deposition was perjured and to sustain a verdict of conviction.

■■ It seems strange that in the federal courts an indictment for perjury may not yet be drawn in the alternative and that there may not be a conviction for deliberately making oath to contradictory statements unless the prosecutor shows which of the statements was false. Under § 1627-a of the New York Penal Law, Consol. Laws, c. 40 (an amendment which went into effect July 1, 1936), an indictment may now be found in New York wherever there have been "contradictory testimony or statements under oath on occasions in which an oath is required by law, without specification of which thereof is true; and the perjury may be established by proof of the wilful giving or making of such contradictory testimony or statements, without proof as to which thereof is true." In the case at bar the admission of falsity was not made as an extrajudicial confession but was a concession in open court given under the sanction of an oath. We cannot believe that upon a trial for perjury a prosecuting officer in the federal courts not only has the burden of showing which of two contradictory statements is false, but must also provide testimony by independent witnesses that an oath was false when the defendant admits it.

Judgment affirmed.