## HART v. UNITED STATES.
### No. 10026.

Circuit Court of Appeals, Ninth Circuit.
Oct. 27, 1942.

Geo. H. Crandell and Paul D. Coles, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and G. D. Hile and Tom A. Durham, Asst. U. S. Attys., all of Seattle, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

Lillie Hart appeals from a judgment of conviction, entered pursuant to a verdict of a jury, as a result of a trial upon an indictment charging her with perjury. The Federal perjury statute, 18 U.S.C.A. § 231, under which the indictment was returned, reads in part as follows: "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true is guilty of perjury, * * *."

The indictment recited, prefatory to each of the two counts in which it was drawn, that Lillie Hart appeared before one Kemp O. Hiatt, Special Agent for the Intelligence Unit, Bureau of Internal Revenue, a person authorized to administer oaths, and was sworn to testify truthfully with reference to her income for the year 1940 and prior

years; that said Lillie Hart did then knowingly, willfully, unlawfully, feloniously, and contrary to such oath give false statements to a material inquiry. Specifically, the first count alleged Lillie Hart stated under oath that she owned only one parcel of real estate in Seattle, a parcel located at 606 Seventh Avenue South; that she owned no other real estate and that no one had purchased any real estate for her within the six years preceding June 5, 1941, except the aforesaid premises; that in truth and in fact she had, in the year 1940, purchased premises located at 1107 Seventh Avenue West, Seattle, Washington. The facts upon which the second count of the indictment was based were that on a second occasion, June 11, 1941, said Lillie Hart appeared before the same revenue agent, took an oath to testify truthfully and did state, under oath, that she had never purchased a house at 1107 Seventh Avenue West, Seattle, Washington; that she did not furnish the money to buy the house; that she had never expended any money for any purpose on the premises; that she never purchased any furnishings at all for the premises. It was further alleged in this second count that Lillie Hart had in fact purchased the premises known as 1107 Seventh Avenue West; that she had furnished the money with which to purchase the property; that she had expended moneys making alterations on the premises; that she had expended the approximate sum of $7000 for furnishings for the said premises; that she had spent, in addition, the approximate sum of $1700 in the purchase of household equipment for the said premises. Each count concluded with the allegation that Lillie Hart knew the statements she made under oath on each occasion were false and untrue.

The evidence introduced tended to prove that, on June 5, 1941, when Lillie Hart first appeared before the special agent for the Bureau of Internal Revenue, she did so voluntarily, being advised that a claim was to be made against her for income tax liability, and she stated that if she owed anything she wanted to pay it. The defendant had not filed an income tax return and the examination was for the purpose of determining her income tax liability for certain prior years. She was advised of her constitutional right that she could not be required to incriminate herself, and then sworn to tell the truth. The agent asked her if she owned any real estate, to which she replied that the only real estate which she owned was located at 606 Seventh Avenue South, Seattle. Next, the agent asked her if anyone else had purchased real estate for her and she answered that no one had. On June 11, 1941, Lillie Hart appeared before the same agent and swore to the same oath as had been theretofore administered her. On this occasion she stated that she had not bought the premises at 1107 Seventh Avenue West; that it was owned by her sister, Corrine Gamble; that she had not provided the money to purchase the property; that the money was provided by her sister, Corrine Gamble; that she had not purchased the furnishings for that house, nor had she provided the money wherewith the purchases were made; that no one had purchased the premises for her. Corrine Gamble, sister of Lillie Hart, was called as a witness by the prosecution, and testified that she was a dressmaker; that she did not know the amount of her income for the preceding three years, but that she worked more than half of the period and that Lillie Hart had given her $400 or $500 during that time. She insisted that she purchased the property at 1107 Seventh Avenue West as her home and that it was hers. She admitted, however, that Lillie Hart gave her the money; that the defendant paid for all of the furnishings; that the contract for alterations on the premises was made and paid by the defendant; that the witness did not pay for a single item that went into the house. All of the bills were paid with defendant's money. Other witnesses—salespeople, decorators, etc.—were called by the prosecution and testified, in substance, that Lillie Hart had stated that she had just bought a home; that defendant had selected merchandise destined for 1107 Seventh Avenue West and paid for the same. Some of the witnesses testified that they dealt with the defendant as Mrs. Gamble and knew her by that name; that she had represented her name to be Mrs. Gamble.

As a witness for the defendant, a realtor or collector testified that he carried on negotiations for Mrs. Gamble looking to the purchase of the property at 1107 Seventh Avenue South; that he reported to her; that she made the down payment, paid for the equity of the former owners and paid him his fee. But he admitted on cross-examination that he had first looked at the house with the defendant who "wanted to buy a home for her sister." The defendant appeared in her own behalf and said that the property belonged to her

sister; that she did not claim any interest in the property nor did she intend to make such claim; that she gave her sister the money to buy the property; that she paid for all the furnishings and equipment; that she does not claim ownership thereof. On cross-examination the defendant denied telling salespersons that she was buying furnishings for her house. She admitted, however, representing herself as Mrs. Gamble, but explained that she was acting for her sister—that the goods were to be the sister's. She also admitted representing herself to the power company as Mrs. Gamble, but denied that this representation was for the purpose of concealing the fact that she had expended the money.

■ The first ground upon which error is specified is that the indictment is fatally defective in that it must allege that the revenue agent *"then and there* being a person duly authorized to administer oaths," whereas the indictment alleges that Lillie Hart, on a day specified, within the jurisdiction of the court, "then and there being, did . . . commit perjury, in that the said Lillie Hart, then and there being, *did then and there appear* before Kemp O. Hiatt, Special Agent for the Intelligence Unit, Bureau of Internal Revenue of the United States, *he being a person duly authorized* by the statutes of the United States *to administer oaths, . . . "* The argument advanced by appellant is that the indictment must show that the officer administering the oath had the present authority at the time to do so. We are unmoved by this argument, which is answered by a reading of each count. The indictment alleges plainly upon its face that the agent Hiatt was a person authorized to administer an oath at the time appellant appeared before him, as emphasized in the quoted portion thereof. Moreover, it was shown on the trial that Hiatt was authorized to administer oaths by commission of the Commissioner of Internal Revenue, dated August 15, 1935, and that Hiatt was continued in his employment to the date of trial. See also 26 U.S.C.A. Int.Rev.Code, §§ 3614(a), 3632(a) (1).

The appellant challenges the sufficiency of the evidence to support either count of the indictment. Respecting the first count, the appellant argues that the statements made to the revenue agent by Lillie Hart to the effect that she owned only one parcel of real estate, and that located at 606 Seventh Avenue South; that she owned no other real estate, and that no one had purchased any real estate for her within six years preceding the inquiry, were all true as a matter of law and that, therefore, there could be no perjury. It is contended that Corrine Gamble is the record owner of the property at 1107 Seventh Avenue West and that the appellant has no interest whatever in it.

■■ It is elementary that, in order to convict under an indictment · for perjury, the evidence must be clear, convincing, and direct, and that the guilt of the accused should be established beyond a reasonable doubt by the testimony of two independent witnesses or one witness and corroborating circumstances. See United States v. Buckner, 2 Cir., 118 F.2d 468, 469; Cohen v. United States, 2 Cir., 27 F.2d 713; Clayton v. United States, 4 Cir., 284 F. 537, 539-540. It has been said "that to convict of perjury the government must produce testimony of a more direct and positive character than is required to justify a verdict of guilty of other offenses." Allen v. United States, 4 Cir., 194 F. 664, 668, 39 L.R.A., N.S., 385. If the defendant's answers to questions were legally truthful, she cannot be held for perjury. United States v. Slutzky, 3 Cir., 79 F.2d 504, 505.

■■ Diligent search of the evidence in the record fails to disclose any direct evidence that the appellant is the owner of the premises in question or that anyone bought said property for her. What evidence there is in the record is just as consistent with innocence as with guilt. Statements by salespeople that the appellant had said in their presence that she had "bought" the home are neither clear nor convincing evidence that she was the owner of said property. These statements attributed to appellant were not made under oath, while her statements to the Internal Revenue agent and in open court were under oath. "In view of the strong presumption of innocence, and because of the solemnity of an oath, credit must be given to what defendant said under oath, rather than to what" she "may have said to the contrary when not under oath." Clayton v. United States, supra [284 F. 540]. The evidence, in fact, is all to the effect that Corrine Gamble was the owner of the property; that she was the grantee in the deed; that the title insurance policy was in her name. Moreover, the defendant disclaimed ownership of the property and Corrine Gamble claimed ownership. It is true that the de-

fendant furnished the purchase money, but the possibility that she might, at some time in the future, claim a resulting trust by reason thereof, is not such clear, convincing, and direct evidence of ownership as will support a verdict. There is, in our opinion, a complete failure of proof under the first count of the indictment. The court below should have directed a verdict in favor of the defendant insofar as the first count is concerned and the judgment on the first count is, therefore, reversed.

A wholly different situation, however, presents itself under the second count of the indictment. The charges of the second count have heretofore been set forth; the appellant contends the evidence is insufficient to sustain these charges. It is rather difficult to ascertain upon what basis or theory this contention is made, because the evidence as to this count does not leave room for any reasonable doubt. As to the lack of evidence to sustain the charge that appellant stated falsely that she had never purchased the house at 1107 Seventh Avenue West: The appellant said that she had never bought a house on Seventh Avenue West, and did not deny making this statement. Since the parties could argue ever and anon the connotation of the words "purchased" and "bought" respecting whether "for" or "by" the defendant or her sister, and since we regard the point as non-essential to decision of the case, we will pass on to the remaining three charges of the second count, which appellant also contends are not supported by the evidence. These charges are that Lillie Hart stated, under oath:

(1) That she did not furnish the money to buy the house at 1107 Seventh Avenue West;

(2) That she never expended any money for any purpose on the premises; and

(3) That she never purchased any furnishings at all for the said premises.

To prove that Mrs. Hart made these statements, a stenographer's transcript thereof was introduced in evidence and the revenue agent testified that the defendant made the statements. They were not denied by the defendant. At the trial she testified positively that she had "furnished all the money for the purchase of the house at 1107 7th Avenue West and paid for all the furnishings and equipment." Corrine Gamble testified that she received the money from the defendant to pay for the house and that Lillie Hart paid for all

the furnishings and Corrine Gamble "did not pay for a single item that went into the house." This testimony completely refutes appellant's argument.

The remaining alleged error is directed to an instruction of the trial court respecting the first count of the indictment and, in view of our disposition thereof, it is unnecessary to discuss the appellant's contentions under this specification.

The judgment of the court below on the first count of the indictment is reversed; the judgment on the second count is affirmed.