## RADOMSKY v. UNITED STATES.

### No. 12369.

United States Court of Appeals
Ninth Circuit.

March 20, 1950.

782

Russell H. Fluent, Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., Vaughn Evans, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BONE and ORR, Circuit Judges, and McCORMICK, District Judge.

ORR, Circuit Judge.

Appellant was convicted of perjury under 18 U.S.C.A. § 1621, the charge being that at a trial in a United States District Court of one Robert Olson, then and there being prosecuted for mailing a threatening letter, appellant testified falsely that she, and not Olson, mailed the letter in question. Her testimony at the former trial was, in substance, that she had gone to Olson's house in Bremerton, Washinton, on the morning of January 13, 1948, a date arrived at by later addition and subtraction, to pick up some laundry, and saw the letter lying on a table ready to be mailed. Being unable to catch Olson who had just left, she put the letter in a specified corner mailbox. Olson was acquitted.

At the perjury trial, appellant identified the letter and reiterated her testimony that she had mailed it under the circumstances described. Olson also appeared and denied having mailed the letter. The letter was postmarked "Bremerton, Wash., January 14, 5:00 p. m., 1948." The Government produced six postal employees who described the operations of the Bremerton postoffice in general and, in particular, as to the collections made on January 13th and 14th, 1948. They testified that two collections and no more were made on each of the two days in question from the mail box in which appellant claimed to have posted the letter. The first collection on each of the two days was made by a truck driver who left the postoffice at 8:30 a. m. and returned before 10:00 a. m. All letters which he brought back would, in the normal course of business, bear a postmark of not later than 10:30 a. m. even though some of the letters may have missed being cancelled on the first run through the cancelling machine. The second collection of mail on January 13th from the mail box into which appellant testified she dropped the letter was made by a foot carrier who left the postoffice at 11:45 a. m. and returned at 12:34 p. m. The second collection on the 14th was made by a carrier who left the postoffice at noon and returned at 1:14 p. m. All letters brought in by the carrier on this trip would, in the normal course of business, bear a postmark of not later than 1:30 p. m. on the 13th, or 2:00 p. m. on the 14th, and this would be true notwithstanding some of the letters so returned missed being cancelled the first time through the machine. Some letters go through the cancelling machine without being cancelled; these are placed in a separate pigeonhole and later, after a sufficient number of uncancelled letters have accumulated, are run through the cancelling machine a second time. There was evidence presented to the effect that appellant was at work two miles distant from the mail box in which she testified she had mailed the letter, at 7:45 a. m. on the 13th and on the 14th.

[1] The Court, in accordance with the general rule, instructed the jury that in order to sustain a conviction for perjury there must be direct and positive evidence of the falsity of the statement under oath, and that circumstantial evidence of such

falsity, no matter how persuasive, was insufficient. This instruction was not objected to by the Government and the case was tried on that theory of the law. No contention is here made that such is not the law as applied by the federal courts.[1] Our problem, therefore, is to determine whether the evidence in this case is sufficient to meet the requirement in perjury cases. Our answer requires a brief statement as to what constitutes circumstantial as well as a definition of direct evidence.

█ Circumstantial evidence is that which establishes the fact to be proved only through inference based on human experience that a certain circumstance is usually present when another certain circumstance or set of circumstances is present. Direct evidence establishes the fact to be proved without the necessity for such inference. These are abstract definitions but an understanding of them is necessary in order that a proper appraisal of the evidence in a given case may be made. Of course, the distinction between circumstantial and positive evidence must be taken in a practical sense. Thus, if a witness had testified to seeing someone other than appellant mail the letter it would be direct evidence that appellant did not mail it notwithstanding the necessity of an inference based on experience that a letter deposited in the mail by one person cannot, before arriving at its destination, have been deposited in the mail by another person. The possibility of the letter's being mailed twice is so negligible that the evidence would be direct for all intents and purposes. United States v. Goldstein, 2 Cir., 168 F.2d 666, 672. But there is no evidence in this case tending to show that appellant did not mail the letter which can be termed direct in any sense. No postal employee testified to seeing or handling the specific letter. The postmark on the letter merely evidenced the fact that the letter had gone through the cancelling machine of a certain postoffice at a time that the cancelling machine was set to print a certain date and time of

day. The testimony of the postal employees established that in the usual course of events a letter deposited in the mail box, in which appellant said she mailed the letter in question, would show on its postmark an earlier time of day than did the letter in question.

█ Appellee relies on the doctrine of United States v. Wood, 14 Pet. 430, 39 U.S. 430, 10 L.Ed. 527, approved in Hammer v. United States, 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed. 1118, that no direct eyewitness to the falsity of the statement under oath is necessary where the falsity can be proved by the defendant's own transactions or by documents emanating from him. Appellee contends that when appellant held the letter in her hand while in the witness chair and testified that she had mailed it, that letter became a document emanating from her. We are unable to agree with this contention but, conceding arguendo that the letter did emanate from her, it does not directly and positively establish that she did not mail it. The letter does not expressly state or directly show who mailed it. It merely bears a postmark, of no significance apart from the other evidence, but with which the Government has linked other circumstances to establish a high degree of probability that appellant did not mail the letter. We are unable to say this evidence is more than circumstantial. Merely because the evidence is documentary does not dispense with the requirement that it be direct and positive. See Allen v. United States, 4 Cir., 194 F. 664, 667-668, 39 L.R.A.,N.S., 385. In the federal cases in which documents have been used to establish perjury, the documents have, for practical purposes, directly established the falsity of the statement under oath. In United States v. Wood, supra, there were letters between the buyer and seller and an invoice book which expressly stated that the prices of certain goods were higher than the prices sworn to by the defendant buyer when importing them into the United States. In Sharron v. United States, 2 Cir., 11 F.2d

1. United States v. Otto, 2 Cir., 54 F.2d 277; Allen v. United States, 4 Cir., 194 F. 664, 39 L.R.A., N.S., 385. See annotations, 15 A.L.R. 634; 27 A.L.R. 857; 42 A.L.R. 1063.

689, the uncashed check, returned to the defendant, and the entry in the bank passbook of interest credited to the defendant established directly that the defendant had sworn falsely in taking a pauper's oath. While evidence such as was produced in the instant case would doubtless sustain a conviction in cases other than perjury, it does not, as we have shown, meet the special requirements necessary to sustain a conviction for perjury.

The judgment is reversed and, as it appears from the record that the Government has presented all the available evidence known to it, the case is remanded with instructions to the trial court to enter a judgment of acquittal.