Florence **UMBRIACO**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

**UNITED STATES** of America,
Appellant,

v.

Florence **UMBRIACO**, Appellee.

No. 15812.

United States Court of Appeals
Ninth Circuit.

July 22, 1958.

John V. Evich, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Jeremiah M. Long, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before ORR, POPE and FEE, Circuit Judges.

ORR, Circuit Judge.

Florence Umbriaco was convicted on two counts of an indictment charging a violation of section 1621, 18 U.S.C.A. (perjury). The trial court set aside the conviction under Count I and the Government has attempted to appeal from that judgment. Florence Umbriaco has appealed from her conviction on Count II.

 We have considered the Government's attempted appeal and conclude it should be dismissed because this Court lacks jurisdiction to entertain it. The Government urges that its appeal is authorized by section 1291, 28 U.S.C.A. We are not so persuaded. The grant to the Government of the right to appeal is exclusively contained in 18 U.S.C.A. § 3731. United States v. Nardolillo, 1 Cir., 1958, 252 F.2d 755. The action of the trial court was neither an order setting aside or dismissing an indictment nor an arrest of judgment [1] within the meaning of § 3731, but was an acquittal of the charge made in the indictment, as is authorized by Rule 29(a), Fed.R.Crim.P., 18 U.S.C.A. An appeal from a judgment of the trial court acquitting a defendant because of the insufficiency of the evidence has never been permitted in Federal Courts. It seemed so elementary that we are surprised to find such a right asserted in this case. The appeal of the Government is dismissed because this Court has no jurisdiction thereof.

We next consider the appeal of Florence Umbriaco, hereafter referred to as appellant. Count II of the indictment charged appellant with falsely swearing under oath that during the period from September 1954 to December 1955 she did not operate as a prostitute.

The husband of appellant was on trial for violation of 18 U.S.C.A. § 2421, commonly known as the White Slave Traffic Act. The record discloses that prior to the trial of her husband appellant had voluntarily contacted certain F.B.I. agents and admitted certain operations as a prostitute by her. We imply from the record that the Government officials were led by appellant to believe that she would be willing to give important evidence in the White Slave prosecution, but upon being called as a witness by the Government, she proved to be an evasive and reluctant witness. The evidence in the perjury trial was of a character as would sustain a conviction in most felonies, but whether it is sufficient in a perjury trial we have found a very troublesome question. This is because of the high order of proof required in a perjury trial and the general rejection of circumstantial evidence where it is relied on to meet the requirement of direct evidence by at least one witness. See Radomsky v. United States, 9 Cir., 1950, 180 F.2d 781.

 In the instant case we have the oral admission of appellant that she falsely testified, corroborated by ample evidence, but we have found no case where this has been held sufficient. The common law rule, of course, has been relaxed to a considerable extent, about the first appearance of this being in the case of United States v. Wood, 1840, 14 Pet. 439, 39 U.S. 439, 10 L.Ed. 527, and again asserted in the case of Weiler v. United States, 1942, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495. Written admissions or other evidence under oath, if sufficiently corroborated have been held sufficient.

In the instant case the trial court, in dismissing the conviction under Count I, recognized that an oral admission corroborated by circumstantial evidence was not sufficient to sustain a verdict of guilty, but undoubtedly considered that the evidence given by a witness Campbell supplied the necessary direct evidence as to Count II. In our consideration of the sufficiency of Campbell's testimony to supply the deficiency in Count II, we analyze the testimony of appellant as given in the White Slave trial in con-

1. Rule 34, Fed.R.Crim.P.; United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, 603; United States v. Zisblatt, 2 Cir., 1949, 172 F.2d 740, 742; Goldstein v. United States, 9 Cir., 1934, 73 F.2d 804.

nection with the testimony of Campbell in the perjury trial. In the White Slave trial appellant was asked the following questions and gave the following answers relating to her activities during the period covering by Count II:

"Q. During the time you were living at the Stewart Hotel on this occasion in the fall of 1954, did you operate as a prostitute? A. No.

"Q. Did you perform any acts of prostitution? A. No.

\* \* \* \* \*

"Q. And then when you moved up 11th North, did you operate as a prostitute? A. No.

"Q. Did you receive any calls for which you went out to perform acts of prostitution? A. No.

"Q. During the entire time you lived on 11th North, did you perform any acts of prostitution? A. Well, I saw this friend of mine a few times.

"Q. Well, was that for the purpose of having sexual intercourse for money? A. Well, sometimes I would see him, and we didn't have sexual intercourse. We were friends.

"Q. Sometimes did you? A. Yes.

"Q. Was that for money? A. I don't know how you would want to class that. He has loaned me a great deal of money during the years.

\* \* \* \* \*

"Q. During the time you lived there on East Thomas in the Roygate Apartments, did you operate as a prostitute? A. No.

"Q. Did you perform any acts of prostitution? A. Well, I saw this friend of mine a couple of times, I think, while I was living there, if I remember right.

\* \* \* \* \*

"Q. Is it your testimony, then, that the entire time after you came back to Seattle in September, 1954, you only had sexual intercourse for money with one person? A. That is all.

\* \* \* \* \*

"Q. During any of the period between 1952 and 1956, that you have been in Seattle, Florence, did you ever perform any acts of prostitution at the Washington Athletic Club? A. This friend of mine worked at the Washington Athletic Club.

"Q. Did you ever perform any acts of prostitution at the Washington Athletic Club? A. I have met a couple of friends of mine there, yes.

"Q. For purposes of having acts of sexual intercourse? A. Yes."

It is quite evident that the "friend" referred to by appellant was the witness Campbell, who testified that he had several acts of sexual intercourse with appellant at different hotels during the period charged in Count II, at a price of $50 for each act. Campbell also testified that he had loaned appellant money, did so willingly, and considered her a good friend.

While the answers of appellant were somewhat evasive concerning her relations with Campbell, they do not constitute that degree of intentional and direct falsification which supports a perjury conviction. The witness was evidently under the impression that isolated acts of illicit intercourse for money did not constitute "operation as a prostitute" and made her general denial of such operations on that ground, at the same time admitting sexual acts with Campbell. The Government was not misled as to this phase of her testimony, as is made manifest by the summing-up question:

"Q. Is it your testimony, then, that the entire time after you came back to Seattle in September, 1954, you only had sexual intercourse for money with one person? A. That is all."

We are unable to find that witness Campbell refuted anything that appellant had directly denied. Therefore, the

testimony of witness Campbell being eliminated as furnishing the direct evidence of at least one witness necessary in a perjury conviction, we are left with the unsworn oral admissions of appellant that she lied under oath in the White Slave trial, with strong corroboration.

The Government has argued that the circumstantial evidence in this case was of such a character as to justify its characterization as direct evidence. We fail to see this because proof of the commission of the essential overt acts necessary for a woman to operate as a prostitute is left to inference. Cf. Radomsky v. United States, 9 Cir., 1950, 180 F.2d 781.

The decisions we have examined disclose the following extent to which courts have relaxed the rule requiring a *living* witness as to falsity of the matters upon which the perjury charge is based.

Written, sworn statements admitting the fact of falsity will satisfy the "one witness" rule, United States v. Flores-Rodriguez, 2 Cir., 1956, 237 F.2d 405, cf. Jordan v. United States, 4 Cir., 1932, 60 F.2d 4, and it has long been held that admissions from the defendant's own hand are sufficient, even though unsworn. United States v. Wood, 1840, 14 Pet. 430, 439–441, 39 U.S. 430, 439–441, 10 L. Ed. 527. Cf. Duncan v. United States, 9 Cir., 1933, 68 F.2d 136; United States v. Nessanbaum, 3 Cir., 1953, 205 F.2d 93.

Oral, sworn admissions made by a defendant in testimony at the perjury trial have been held sufficient, being equivalent to a plea of guilty. United States v. Buckner, 2 Cir., 1941, 118 F.2d 468. A sworn oral admission not made under such circumstances has been held insufficient, in the absence of other corroborating evidence.[2] McWhorter v. United States, 5 Cir., 1952, 193 F.2d 982. And see Commonwealth v. Russo, 1957, 388 Pa. 462, 131 A.2d 83; Williams v. State, 1949, 34 Ala.App. 462, 41 So.2d 605; Horn v. State, 1939, 186 Miss. 455, 191 So. 282; People v. McClintic, 1916, 193 Mich. 589, 160 N.W. 461.

Oral, unsworn statements without further corroborating evidence have always been held insufficient.[3] Phair v. United States, 3 Cir., 1932, 60 F.2d 953; Clayton v. United States, 4 Cir., 1922, 284 F. 537. See, also, State v. Wallis, 1957, 50 Wash.2d 350, 311 P.2d 659.

We have found no case of perjury in the Federal Courts [4] in which there was present a corroborated, oral, unsworn admission of falsity,[5] and there was no

---

2. Prior sworn and unsworn statements, together with corroborating evidence, were held sufficient in Commonwealth v. Sesco, 1939, 279 Ky. 791, 132 S.W.2d 314; People v. Woodson, 1944, 309 Mich. 391, 15 N.W.2d 679; State v. Woolley, 1937, 109 Vt. 53, 192 A. 1. A corroborated sworn affidavit of falsity was sufficient in State v. Mutch, 1934, 218 Iowa 1176, 255 N.W. 643.

3. Oral, unsworn statements were found insufficiently contradictory to amount to an admission in United States v. Alu, 3 Cir., 1956, 236 F.2d 179; United States v. Neff, 3 Cir., 1954, 212 F.2d 297; and Hart v. United States, 9 Cir., 1942, 131 F.2d 59, so that the Court did not have to reach the question we face.

4. In People v. Kennedy, 1922, 221 Mich. 1, 190 N.W. 749, a conviction based on an oral confession of falsity to police officers was reversed because the corroboration was inadequate. And see cases cited infra, n. 7.

5. This Court found a corroborated, oral, unsworn statement sufficient for conviction under 18 U.S.C.A. § 1001, filing a false non-Communist affidavit, in Bryson v. United States, 9 Cir., 1956, 238 F. 2d 657. But this Court has long held to the rule that cases under § 1001 do not come within the perjury rule. Todorow v. United States, 9 Cir., 1949, 173 F.2d 439; Fisher v. United States, 9 Cir., 1956, 231 F.2d 99; Fisher v. United States, 9 Cir., 1958, 254 F.2d 302.

The Fifth Circuit, in a case involving an uncorroborated, oral, unsworn admission, intimated that if the admission had been corroborated it would have been sufficient to sustain a conviction under 18 U.S.C.A. § 1015, making false statements in immigration proceedings. Cuesta v. United States, 5 Cir., 1956, 230 F.2d 704. But the Ninth Circuit has not yet held the perjury rule applicable to prosecutions under § 1015. See Bridges v. United States, 9 Cir., 1952, 199 F.2d 811,

other direct evidence in the case.[6]

There is more than circumstantial evidence here, yet in order to sustain the conviction under Count II we would be required to go a step further than the United States Courts have heretofore gone. This we are unwilling to do.[7] The trial court in Count I refused to take this further step in ordering an acquittal under Count I, but as to Count II we think it misjudged the character of Campbell's testimony in refusing to acquit under that Count. It is ordered that the denial of the motion for acquittal under Count II is reversed and the case remanded for such further action as the trial court may determine not inconsistent with this opinion.

Reversed.

POPE, Circuit Judge (concurring).

I agree with all that is said in the court's opinion. I wish to add further that in my view it is hardly necessary to deal with one of the problems ably discussed in Judge ORR's opinion. It is there said, "Oral, unsworn statements without further corroborating evidence have always been held insufficient." With that statement I thoroughly agree; but I wish to add that in my view the oral unsworn statements referred to in the foregoing opinion are not only wholly insufficient but under the issues in this case they were irrelevant and immaterial.

For instance, Agent Gunn testified that on the evening of November 3, 1956, he interviewed appellant at his office and that she told him that immediately after she arrived with her husband in Seattle in June, 1952, the husband made arrangements with various bellhops for her to work as a prostitute and that she did so work while she and her husband lived at the Stewart Hotel. What influences my special view of this case is the language of the indictment,— Count 2. That count charges her with wilfully and contrary to her oath, stating what she did not believe to be true, to-wit, "did state and subscribe that during the period from September, 1954 to December, 1955, she did not operate as a prostitute when in truth and in fact she did operate as a prostitute" during the stated period.

I think it is plain that even under the present liberal rules relating to criminal pleading there are certain minimum requirements for specifying the charge against the accused. Rule 7(c) of the Rules of Criminal Procedure states: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The offense charged here was concise and it was definite and it was to the effect that she testified that during the period mentioned "she did not operate as a prostitute when in truth and in fact she did operate as a prostitute." The portions of the defendant's testimony at her husband's trial, which are quoted in the court's opinion, sufficiently disclose that she did testify that she operated as a prostitute. To my mind this means that the single charge contained in Count 2 completely failed of proof.

It should be noted that the indictment does not charge that this defendant testi-

---

841–842, reversed on other grounds, 1953, 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557; and Miranda v. United States, 9 Cir., 1952, 196 F.2d 408.

Corroboration may be required when, as here, the subsequent admission is made to a government agent. Cf. Bryson v. United States, supra, 238 F.2d at page 662; Smith v. United States, 1954, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; Warszower v. United States, 1941, 312 U.S. 342, 61 S.Ct. 603, 85 L.Ed. 876.

**6.** Of course, such admissions are admissible to corroborate other direct evidence in the case in satisfaction of the "one witness" rule. Vetterli v. United States, 9 Cir., 1952, 198 F.2d 291.

**7.** In accord is Richardson v. State, 1933, 45 Ohio App. 46, 186 N.E. 510, holding both written and oral unsworn admissions are inadequate although corroborated by other evidence. Cf. Horn v. State, 1939, 186 Miss. 455, 191 So. 282; Billingsley v. State, 1906, 49 Tex.Cr.Rep. 620, 95 S.W. 520.

fied that she operated as a prostitute by having sexual intercourse with only one person, whereas in truth and in fact she operated as a prostitute by having intercourse with many persons. There is no charge that she told part of the truth and did not tell all. The indictment is that she testified that she *never*, in the period mentioned, operated as a prostitute. She did not testify to that effect; and even although her testimony was "hardly ever" it certainly was not "never".